## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| IN RE: § <br> § <br> Spring Central Hospital, LLC, § <br> § <br> DEBTOR. § <br>-------------------------------------------------- <br> Eva S. Engelhart, Chapter 7 Trustee, § <br> § <br> v. § <br> § <br> Globus Medical, Inc. § | Case No.: 15-35370-H5-7 <br><br><br><br><br><br> Adv. No. _____ |

## TRUSTEE'S COMPLAINT
## TO AVOID AND RECOVER TRANSFERS

Eva S. Engelhart, Chapter 7 Trustee for the above-captioned Chapter 7 bankruptcy estate (the "*Trustee*" or "*Plaintiff*"), respectfully files her *Complaint to Avoid and Recover Transfers* against Globus Medical, Inc.

### RELIEF REQUESTED

1.  The Trustee seeks avoidance and recovery of transfers totaling $19,575.00 from Globus Medical, Inc.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction of this adversary proceeding under 28 U.S.C. §§ 1334 and 157. Relief is sought pursuant to 11 U.S.C. §§ 544, 547, 548 and 550 and other applicable law.

3.  This adversary is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), (H), and (O). The Trustee consents to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

4. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409(a) because the above-captioned bankruptcy case is pending before this Court.

## THE PARTIES

5. Eva S. Engelhart is the duly qualified and acting Chapter 7 Trustee for the above-captioned bankruptcy case.

6. Globus Medical, Inc. ("*Defendant*") is a Delaware corporation doing business in the State of Texas and may be served with process by serving its designated registered agent in the State of Texas, Corporation Service Company d/b/a CSC -- Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218, by any means provided for under the Bankruptcy Code.

## RELEVANT FACTS

7. On October 7, 2015 (the "*Petition Date*"), Spring Central Hospital, LLC ("*SCH*" or the "*Debtor*") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby initiating the above-styled bankruptcy case (the "*Case*").

8. On December 7, 2015, an order was entered converting this Case to Chapter 7. On that same date, Eva S. Engelhart was appointed Chapter 7 Trustee to administer the assets of the Debtor's bankruptcy estate.

9. SCH operated a hospital focused on providing surgical services in Spring, Texas.

10. On August 12, 2015, SCH made a payment in the amount of $11,001.00 to the Defendant (the "*First Transfer*").") The First Transfer was in the form of a check—check number 2683—from the bank account ending in 3530. On information and belief, the Defendant received the First Transfer and such was credited to its bank account. The First Transfer was payment on an antecedent debt owed by SCH to the Defendant.

11. On August 28, 2015, SCH made a payment in the amount of $8,574.00 to the Defendant (the "*Second Transfer*"). The Second Transfer was in the form of a check—check number 2713—from the bank account ending in 3530. On information and belief, the Defendant received the Second Transfer and such was credited to its bank account. The Second Transfer was payment on an antecedent debt owed by SCH to the Defendant.

12. The First Transfer and Second Transfer are collectively referred to as the "*Transfers*".

13. The Transfers were made during the ninety (90) days immediately preceding the Petition Date. Pursuant to 11 U.S.C. § 547(f), SCH is presumed to have been insolvent during the ninety (90) days before the Petition Date.

14. The Trustee asserts that unsecured creditors will not be paid in full in this Case.

15. On February 10, 2017, the Trustee requested Defendant return the Transfers. The Defendant has not responded to the Trustee's request.

### COUNT I – TRANSFERS AVOIDABLE UNDER 11 U.S.C. § 547

16. The Trustee re-alleges and incorporates all of the foregoing and ensuing allegations as if fully set forth herein at length.

17. The Trustee would show the Transfers are avoidable under 11 U.S.C. § 547.

18. Section 547(b) of the Code provides:

> Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
>
>     (1)    to or for the benefit of a creditor;
>     (2)    for or on account of an antecedent debt owed by the debtor before such transfer was made;
>     (3)    made while the debtor was insolvent;
>     (4)    made—

      (A) on or within 90 days before the date of the filing of the petition; ...

   (5) that enables such creditor to receive more than such creditor would receive if—

      (A) the case were a case under chapter 7 of this title;
      (B) the transfer had not been made; and
      (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

19. Under 11 U.S.C. § 547(b), the Transfers constitute an avoidable preference.

20. The Transfers to the Defendant constitute a transfer of an interest of SCH in property.

21. The Transfers were to or for the benefit of the Defendant.

22. The Transfers were for or on account of an antecedent debt owed by SCH before it made such payments.

23. Pursuant to 11 U.S.C. § 547(f), SCH is presumed to have been insolvent at the time the Transfers were made.

24. The Transfers were made on or within ninety (90) days before the Petition Date.

25. The Transfers enabled the Defendant to receive more than what the Defendant would have received if (i) the Case were a case under Chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

### COUNT II – TRANSFERS AVOIDABLE UNDER 11 U.S.C. § 548

26. The Trustee re-alleges and incorporates all of the foregoing and ensuing allegations as if fully set forth herein at length.

27. In the *alternative*, the Transfers are avoidable by the Trustee under 11 U.S.C. § 548.

28. The Transfers are a fraudulent transfer under 11 U.S.C. § 548.

29. The Transfers were an interest of SCH in property.

30. The Transfers were made within one year prior to the Petition Date.

31. SCH received less than reasonably equivalent value in exchange for the Transfers, and SCH (a) was insolvent when the Transfers were made or became insolvent as a result of such transfers, (b) was engaged or was about to engage in a business or transaction for which the Debtor's remaining property was unreasonably small capital, or (c) intended to incur or believed that the Debtor would incur, debts beyond Debtor's ability to pay as they became due.

### COUNT III – TRANSFERS AVOIDABLE UNDER 11 U.S.C. § 544 AND TEXAS BUSINESS & COMMERCE CODE § 24.005

32. The Trustee re-alleges and incorporates all of the foregoing and ensuing allegations as if fully set forth herein at length.

33. In the *alternative*, the Transfers are avoidable by the Trustee under 11 U.S.C. § 544 and Texas Business & Commerce Code § 24.005.

34. The Transfers are a fraudulent transfer under section 24.005 of the Texas Business & Commerce Code in conjunction with 11 U.S.C. § 544.

35. The Transfers were made by SCH without receiving a reasonably equivalent value in exchange, and SCH (a) was engaged or was about to engage in a business or transaction for which the SCH's remaining assets were unreasonably small in relation to the business or transaction, or (b) intended to incur or believed that SCH would incur debts beyond SCH's ability to pay as they became due.

36. A creditor exists whose claim arose before the occurrence of the Transfers for whom the Trustee can act.

### COUNT IV – TRANSFERS AVOIDABLE UNDER 11 U.S.C. § 544 AND TEXAS BUSINESS & COMMERCE CODE § 24.006

37. The Trustee re-alleges and incorporates all of the foregoing and ensuing allegations as if fully set forth herein at length.

38. In the *alternative*, the Transfers are avoidable by the Trustee under 11 U.S.C. § 544 and Texas Business & Commerce Code § 24.006.

39. The Transfers are a fraudulent transfer under section 24.006 of the Texas Business & Commerce Code in conjunction with 11 U.S.C. § 544.

40. SCH did not receive reasonably equivalent value in exchange for the transfers and SCH was insolvent at the time of the Transfers or became insolvent as a result of the Transfers.

41. A creditor exists whose claim arose before the occurrence of the Transfers for whom the Trustee can act.

### COUNT V – TRANSFERS RECOVERABLE UNDER 11 U.S.C. § 550

42. The Trustee re-alleges and incorporates all of the foregoing and ensuing allegations as if fully set forth herein at length.

43. The Trustee would show the Transfers are recoverable under 11 U.S.C. § 550.

44. Section 550(a)(1) of the Bankruptcy Code provides that:

> Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544 . . . 547, 548 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—
>
> a. the initial transferee of such transfer or the entity for

whose benefit such transfer was made; . . .

45. The Defendant was the initial transferee of the Transfers.

46. The Trustee is entitled to avoid and recover the Transfers from the Defendant under 11 U.S.C. §§ 547 and 550, or 11 U.S.C. §§ 548 and 550, or 11 U.S.C. §§ 544 and 550.

## COUNT VI -- CLAIM DISALLOWANCE

47. The Trustee re-alleges and incorporates all of the foregoing and ensuing allegations as if fully set forth herein at length.

48. Section 502(d) of the Bankruptcy Code provides that the Court shall disallow any proof of claim of a transferee of a transfer avoidable under 11 U.S.C. §§ 544, 547, or 548 unless and until such transferee has paid the amount or returned the property for which is it is liable under 11 U.S.C. §550.

49. Trustee requests that this Court disallow Defendant's proof of claim unless and until Defendant pays the recoverable amounts to Trustee.

## ATTORNEYS FEES

50. To the extent allowed by applicable law, the Trustee requests an award of her reasonable fees and costs pursuant to the TEX. BUS. & COM. CODE § 24.013 and any additional applicable law.

## RELIEF

For the reasons set forth herein, the Plaintiff, Eva S. Engelhart, Chapter 7 Trustee for the above-captioned bankruptcy estate, prays that this Court enter judgment in her favor as set forth above and to grant all further relief to which she is justly entitled.

DATED July 20, 2017.

        Respectfully submitted,

        */s/ Joseph G. Epstein*
        Joseph G. Epstein
        Texas Bar Number: 06639320
        Southern District Number:11733
        joe@epsteintexaslaw.com
        JOSEPH G. EPSTEIN PLLC
        440 Louisiana St., Suite 900
        Houston, Texas 77002
        Telephone:  713-222-8400
        Facsimile:   713-237-7768

        ATTORNEYS FOR EVA S. ENGELHART,
        CHAPTER 7 TRUSTEE